## PROCEDURE ON APPEAL FROM JUSTICE'S COURT.

Circuit Court of Cuyahoga County.

ABRAHAM B. KATZ v. IKE H. LINDER.

Decided, December 4, 1911.

*Appeal from Justice Court—Transcript Too Late—Pleadings Filed—
Appeal Dismissed.*

Transcript for appeal from a magistrate's judgment was filed in the
common pleas court more than thirty days after its rendition;
thereupon plaintiff filed his petition and defendant an answer and
cross-petition; thereafter plaintiff filed his motion to strike the
answer and cross-petition from the files and dismiss the appeal
for want of jurisdiction; this motion was granted; *Held:* No
error.

*J. C. Block,* for plaintiff in error.

*J. L. Stern,* contra.

HENRY, J.; MARVIN, J., concurs; WINCH, J., dissents.

Linder recovered a judgment for about $256 in justice court on
November 18, 1910, and Katz filed his transcript for appeal on
December 20, 1910, or more than thirty days after judgment.
Linder then filed his petition and Katz his answer and cross-
petition. Thereupon Linder filed a motion to strike the answer
and cross-petition from the files and to dismiss the appeal from
the court for want of jurisdiction. The motion was granted, and
Katz now prosecutes error, alleging that Linder, after filing
his petition, was estopped to challenge the jurisdiction.

We hold that there was no error in granting the motion to
dismiss, since the judgment of the justice was valid until proper-
ly appealed from; the petition discloses that the appellate and
not the original jurisdiction of the court of common pleas was
invoked; and the cause had not yet gone to trial or judgment in
the common pleas when the jurisdiction was challenged.

In all cases of estoppel or waiver cited to us, some one of these
elements is lacking. We find no case precisely in point; but we
see no reason to doubt that the valid judgment of the justice

has remained in full force ever since it was rendered. If so, it might have been pleaded in bar of any attempt to relitigate the same matter under the original jurisdiction of the common pleas court. The appellate jurisdiction of the latter was clearly not adequately invoked; nor could it be by mere consent after the time for invoking it had expired.

The judgment is affirmed.